IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL L. KEITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-12-1217-C |
| | ) |
| CAROLYN COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's application for disability insurance benefits and supplemental security income payments was denied by the Social Security Administration. Plaintiff then filed the present action seeking review of the Agency's decision. On January 16, 2014, the Court remanded the matter to the Commissioner. On remand, the Commissioner issued a Notice of Award, awarding Plaintiff back benefits. Plaintiff's counsel now seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b).

The contingent fee agreement executed between Plaintiff and his counsel indicated that if Plaintiff were awarded benefits he would pay counsel a fee not exceeding 25% of the past due award. Now that the Notice of Benefit has been issued, counsel seeks an award of attorney fees in accord with that agreement. Plaintiff also seeks an Order pursuant to Fed. R. Civ. P. 60, reopening the case so that this motion for attorney fees is considered timely filed.

The Court will consider the Rule 60 Motion first. Plaintiff's request to reopen the case is in accordance with the procedure set forth by the Tenth Circuit in <u>McGraw v. Barnhart</u>, 450 F.3d 493 (10th Cir. 2006). The Notice to Plaintiff of an award of past due benefits was issued on March 8, 2016, and Plaintiff filed the present Motion on March 29, 2016. The Court finds Plaintiff's request was timely made. Defendant offers no argument in opposition to reopening the case. The Court finds the Motion is timely, grants Plaintiff's request, and reopens the case for the purpose of considering an award of attorney's fees.

In the request for fees, Plaintiff's counsel seeks a fee of $15,125.00. Governing this request is 42 U.S.C. § 406(b)(1)(A), which states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

Where a contingent fee agreement is in place, the Court must examine the reasonableness of its terms and reduce an award as appropriate "based on the character of the representation and the results the representative achieved." <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 808 (2002). In support of the motion, counsel has attached a time report demonstrating that counsel expended approximately 26.3 hours of attorney time in performing the work before the Court. After considering the extent of work performed, the result obtained, and the fee award sought, the Court finds the amount to be a reasonable fee for the work performed. Indeed, the benefits awarded to Plaintiff certainly justify the amount of time spent by the firm handling the case and the evidence before the Court offers nothing to suggest that the

character of the representation or the results achieved were in any way deficient. Because Plaintiff's counsel previously sought and received a fee award pursuant to EAJA, in the amount of $4,888.60, that award must be refunded to Plaintiff. Accordingly, Plaintiff's counsel shall refund $4,888.60 to Plaintiff.

As set forth more fully herein, "Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. § 60(b)(6)" (Dkt. No. 25) is GRANTED. Plaintiff's counsel is awarded a fee in the amount of $15,125.00. Because Plaintiff was previously awarded fees under the EAJA, he is entitled to a refund of the smaller EAJA award which Plaintiff's counsel shall forward immediately upon receipt of the fees awarded herein.

IT IS SO ORDERED this 5th day of April, 2016.

ROBIN J. CAUTHRON
United States District Judge